■ In the Matter of the Estate of EPHRAIM J. LIEBOWITZ, Deceased. ROBERT LIEBOWITZ et al., as Executors, Appellants; AIMEE R. LIEBOWITZ et al., Respondents.— Order entered on or about July 8, 1969, unanimously modified on the law by striking therefrom the second ordering paragraph and, as so modified, affirmed, without costs and without disbursements. It appears that stock of Publix Shirt Corporation was the most valuable asset of the decedent's estate. It further appears that the executor sought to be examined personally owns approximately half of the voting shares of that corporation, the other half being owned by a relative not involved in this proceeding. Also, individually and as executor and trustee he owns somewhat more than half of the nonvoting shares. It is perfectly clear that what executive control of the corporation he exercises does not stem from the stock owned by him in a fiduciary capacity either as executor or trustee. It follows that the corporation and the estate cannot be regarded as a single entity and that the Surrogate's Court has no jurisdiction over the management of the corporation (*Matter of Sylvester*, 5 A D 2d 970; see, also, *Matter of Auditore*, 278 N. Y. 234, 244). It appears that the respondents, beneficiaries of the estate, are dissatisfied with the corporation's dividend policy. The proper forum for any such claim would be an action in the Supreme Court. Concur — McGivern, J. P., Markewich, McNally and Steuer, JJ.

■ MARGARET KALIL, Respondent, v. LEONARD KINGSTONE, Appellant, et al., Defendants.— Order entered November 21, 1969, denying motion to dismiss the complaint as to defendant Kingstone reversed on the law, with $50 costs and disbursements to appellant, and motion granted and the complaint dismissed as to defendant Kingstone, and without prejudice to an application to intervene in the pending action entitled *Rosenblatt* v. *Kingstone* (Index No. 5137/1969). This is a stockholder's derivative action on behalf of Omega Equities Corp. The moving defendant is a director of that company. There is pending an action by other stockholders of the same corporation against the moving defendant and other directors and officers, entitled *Rosenblatt* v. *Kingstone*. In that action an order was issued staying and enjoining all shareholders of Omega Equities Corp. from commencing and prosecuting any suit in this jurisdiction against any of the defendants named therein based on any of the transactions there complained about. Neither the validity nor the propriety of that order is here questioned. Plaintiff asserts that the transaction basing her action is not the same as any of those involved in the *Rosenblatt* case. The gravamen of the *Rosenblatt* case is that the defendants caused the corporation to issue stock which they were able to acquire at prices below reasonable value by virtue of using confidential information acquired in the course of their fiduciary relationship with the company. The instant complaint alleges the sale of that stock by the moving defendant, one of the defendants in the *Rosenblatt* case, at a large profit. The only distinction in the allegations is that here it is alleged that the moving defendant has realized the fruits of the alleged wrongdoing. We do not regard this as a distinction. Concur — McGivern, J. P., McNally, Steuer and Tilzer, JJ.